﻿Citation Nr: 19172625
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 14-38 173A
DATE: September 19, 2019

ORDER

Entitlement to service connection for left shin splits, to include as secondary to service-connected disability, is denied.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has had left shin splits at any time during or approximate to the pendency of the claim.

CONCLUSION OF LAW

The criteria for service connection for left shin splits, to include as secondary to service-connected disability, have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty the United States Army from June 2009 to December 2012. This matter comes before the Board of Veterans’ Appeals (Board) post-remand from a May 2018 Board Decision. Previously, the matter came before the Board from May 2017 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California. 

1. Entitlement to service connection for left shin splits, to include as secondary to service-connected disability.

In order to establish service connection for a claimed disability, the following three elements must be satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship (nexus) between the present disability and the disease or injury incurred or aggravated during service. Hickson v. West, 12 Vet. App. 246 (1999).

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection. 38 C.F.R. § 3.303(b), Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). Service connection may also be granted for any disease diagnosed after discharge from service when all of the evidence, including lay evidence, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Lay statements may serve to support a claim for service connection by supporting the occurrence of lay-observable events or the present of disability or symptoms of disability subject to lay observation. 38 U.S.C. § 1153(a); 38 C.F.R. § 3.303(a); Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Although lay persons are considered competent to provide opinions on some medical issues, some medical issues fall outside of the realm of common knowledge of a lay person. Kahana v. Shinseki, 24 Vet. App. 428 (2011). 

A veteran is competent to testify to that which is actually observed and is within the realm of personal knowledge. Competent lay testimony is confined to the features of symptoms of an injury or illness. See Layno v. Brown, 6 Vet. App. 465 (1994).

In this post-remand case, the Veteran contends he suffers from left shin splints as a result of his active duty service or alternatively, that this condition is secondary to service-connected disability. In a May 2018 Board decision, a remand was necessary for further development regarding his disability and its etiology. The Veteran was afforded his VA examination in May 2019 and received a medical opinion in June 2019. The examiner in the May 2019 did not diagnose the Veteran with left shin splits. The examiner further found the Veteran’s left knee range of motion to be “all normal,” the examination to be neither medically consistent or inconsistent with the Veteran’s statements describing function loss during flare-ups, and no reduction in muscle strength, ankylosis, instability, or meniscal conditions. The examiner in June 2019 opined the left shin condition was less likely than not (less than 50 percent probability) incurred in or caused by the claimed in-service injury, event or illness. The examiner provided the following rationale. 

Given trhe [sic] history, physical examination and review of the files, it is unlikely that there was left shin condition in the service. Within the STR's, there is noted shin splint, which is likely from complaints of the right shin/leg. [T]here was no reference noted for the left leg/shin. In 2014, there was rreference [sic] to the left leg from VA note - patient complained of radiating pain from to the left leg.

The Board affords this medical opinion significant probative value. The examiner reviewed the Veteran’s medical record and opined that, although there’s evidence of pain and complaints, there is no current evidence of a disability associated with shin splints. 

Although the evidence of record contains evidence of shin pain, the Veteran’s service treatment records (STRs) reference shin splits that were never specifically identified as complaints of left shin splints or pain. Ultimately, and even more importantly, the examiner did not find a diagnosis of a left shin split. In addition, the examiner’s determination of no clinical or estimated loss of function is found to outweigh the Veteran’s statements of pain that may likely be reports of left leg pain that is related to already service-connected disability such as radiculopathy. Therefore, given the lack of a current diagnosis, to include functional impairment arising out of pain associated with shin splints, the Board finds the preponderance of the evidence is against entitlement to service connection for left shin splits, to include as secondary to service-connected disability. 

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Christopher J. DeBoer, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.